IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TESSA MARKETTI, *et al.*, | * | |
| Plaintiffs, | * | |
| vs. | * | Civil Action No. ADC-19-0904 |
| THE CORDISH COMPANIES, INC., *et al.*, | * | |
| Defendants. | * | |

## **MEMORANDUM OPINION**

Defendants, The Cordish Companies, Inc. and Luckie's Baltimore, LLC, move this Court to compel arbitration of all claims brought by Plaintiffs, Tessa Marketti, Steve Ortiz, Angela Boughner, April Gischel, and Kelsey Schultz, and to dismiss the action pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* (the "Motion to Compel Arbitration and to Dismiss the Litigation") (ECF No. 18). After considering the Motion, Defendants' supplemental memorandum in support of its Motion (ECF No. 19), and the responses thereto (ECF Nos. 20, 21), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons stated herein, the Court GRANTS Defendants' Motion to Compel Arbitration and to Dismiss the Litigation.

### FACTUAL BACKGROUND

This lawsuit arises out of Plaintiffs' allegations of improper wage payment by Defendants in violation of the Fair Labor Standards Act ("FLSA"), Internal Revenue Code ("IRC"), Maryland Wage and Hour Law ("MWHL"), and Maryland Wage Payment and Collection Law ("MWPCL"). ECF No. 1. The Cordish Companies, Inc. owns and operates a series of entertainment districts

1

nationwide, including Power Plant Live! in Baltimore, Maryland. *Id.* at 5, ¶ 6. Power Plant Live! is comprised of several bars and restaurants, including Luckie's Baltimore, LLC which operates under the name Luckie's Tavern. *Id.* ¶¶ 7–8. Plaintiffs are former bartenders that were employed at Luckie's Tavern or one of the other bars operated by Defendants at Power Plant Live! for various periods of time between 2015 and 2019. *Id.* at 6, 8, ¶¶ 17–19, 36–39; ECF Nos. 8, 12.

Upon commencing employment with Defendants, Plaintiffs entered into a Mutual Agreement to Arbitrate (the "Agreement"). ECF No. 18-2; ECF Nos. 19-3, 19-4. As part of the Agreement, Plaintiffs agreed to a broad arbitration provision, which states in relevant part:

> [B]oth you and [Defendants] each agree that all Claims, as defined below, between you and [Defendants] will be exclusively decided by arbitration before a neutral arbitrator and not a court or jury.
>
> As used in this Agreement, "Claims" means all disputes between you and [Defendants] that could be brought in court, including but not limited to, all claims arising out of your employment and the cessation of employment including any claim that could have been presented to or could have been brought before any court, and includes, but is not limited to, any claim arising under federal, state or local law, under a statute such as Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Family and Medical Leave Act, the Americans with Disabilities Act of 1990, Section 1981 through 1988 of Title 42 of the United States Code; under any rule, regulation, statute, common law, or contract, including, but not limited to any claim of discrimination, sexual harassment, retaliation, breach of contract, defamation, or wrongful discharge. This Agreement is governed by the Federal Arbitration Act, to the maximum extent permitted by applicable law.

ECF No. 18-2 at 2. Plaintiffs also agreed to waive their right to pursue any class action or collective action as well as their right to a jury trial. *Id.* at 3 ("The parties agree all Claims must be pursued on an individual basis only. By signing this Agreement, you waive your right to commence, or be a party to, any class action or collective action or to bring jointly any Claims against [Defendants] with any other person. By signing this Agreement, you waive your right to [a] jury trial.").

During their respective periods of employment, Plaintiffs allege that Defendants: (1) required Plaintiffs to perform non-tipped work that was "wholly unrelated" to their occupation and failed to pay them the applicable minimum wage for such work, ECF No. 1 at 9–10, ¶¶ 43–50; (2) required Plaintiffs to perform non-tipped work that exceeded twenty percent of their time each week and failed to pay them the applicable minimum wage for such work, *id.*; (3) failed to pay Plaintiffs the correct amount of overtime, *id.* at 10, ¶ 51; and (4) operated an "illegal tip sharing arrangement"[1] and, as a result, knowingly filed fraudulent W-2 forms to the IRS, *id.* at 4, 10–14, ¶¶ 52–72.

## PROCEDURAL BACKGROUND

On March 27, 2019, Plaintiffs filed suit in this Court, proposing a FLSA collective action on behalf of themselves and other similarly situated bartenders as well as class action claims for violations of the IRC, MWHL, and MWPCL pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and other current and former bartenders employed with Defendants. *Id.* at 14–20, ¶¶ 77–116.[2]

---

[1] According to Plaintiffs, Defendants regularly staffed "guest bartenders" to tend bar at its facilities during special events and, because they were not actual employees of Defendants, the guest bartenders were not assigned register identification numbers in Defendants' point-of-sale system. ECF No. 1 at 11, ¶¶ 53–58. Therefore, in order to conduct transactions, the guest bartenders entered their sales and tips under Plaintiffs' and other similarly situated employees' register identification numbers, which then incorrectly attributed all sales and tips to Plaintiffs and other employees. *Id.* at 11–12, ¶¶ 58, 61. At the end of the evening, Defendants allegedly paid the guest bartenders "under the table" and then required the employees and guest bartenders to split tips evenly. *Id.* at 12, ¶¶ 59–60. As a result, Plaintiffs and other similarly situated employees regularly earned less compensation than was reported on their earning statements. *Id.* at 4, 12–13, ¶¶ 62–66. Nevertheless, Defendants knowingly filed these statements with the IRS and caused fraudulent W-2 forms to be issued. *Id.* ¶¶ 66, 68, 71.

[2] In accordance with Standing Order 2018-04 of the United States District Court for the District of Maryland and upon consent of all parties, this case was directly assigned to United States Magistrate Judge A. David Copperthite for all proceedings.

3

On May 2, 2019, Defendants filed the Motion to Compel Arbitration and to Dismiss the Litigation. ECF No. 18. Plaintiffs filed an opposition on May 16, 2019, ECF No. 20, and Defendants replied on May 30, 2019, ECF No. 21. This matter is now fully briefed, and the Court has reviewed Defendants' Motion to Compel Arbitration and to Dismiss the Litigation, as well as the responses thereto. For the following reasons, Defendants' Motion to Compel Arbitration and to Dismiss the Litigation (ECF No. 18) is GRANTED.

## DISCUSSION

### A. Standard of Review for Motion to Compel Arbitration

"The standard of review on a motion to compel arbitration under the [FAA] is 'akin to the burden on summary judgment.'" *Taccino v. Ford Motor Co.*, No. GLR-18-913, 2019 WL 1429263, at *3 (D.Md. Mar. 29, 2019) (quoting *Novic v. Midland Funding, LLC*, 271 F.Supp.3d 778, 782 (D.Md. 2017)). Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013) (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Thus, "to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Moss v. Parks*

*Corp.*, 985 F.2d 736, 738 (4th Cir. 1993) (quoting *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)). "In the context of a motion to compel arbitration under the FAA, 'the party seeking a jury trial must make an unequivocal denial that an arbitration agreement exists—and must also show sufficient facts in support.'" *Taccino*, 2019 WL 1429263, at *3 (quoting *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015)).

## B. Defendants' Motion to Compel Arbitration and to Dismiss the Litigation

Defendants seek to compel arbitration of Plaintiffs' claims in accordance with the Agreement and also ask this Court to dismiss the action pursuant to the FAA. ECF No. 18. Notably, Plaintiffs do not oppose Defendants' request to compel arbitration. ECF No. 20 at 1. Plaintiffs do, however, oppose dismissal of the action and demand a stay of the proceedings pending the outcome of arbitration. *Id.* at 1–2.

The FAA "provides for the enforceability of arbitration agreements and specifies procedures for conducting arbitrations and enforcing arbitration awards." *McCormick v. Am. Online, Inc.*, 909 F.3d 677, 678 (4th Cir. 2018). Section 2 of the FAA mandates that "an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable," with limited exceptions. 9 U.S.C. § 2 (2018). And, as is relevant here, Section 3 "requires a district court, upon motion by any party, to stay judicial proceedings involving issues covered by written arbitration agreements." *Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709 (4th Cir. 2001) (citing 9 U.S.C. § 3).

> The United States Court of Appeals for the Fourth Circuit has stated that
>
> > 'application of the FAA requires demonstration of four elements: (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is

5

> evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'

*Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016) (quoting *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 n.6 (4th Cir. 2012)) (internal quotation marks omitted). It is undisputed that these elements are satisfied in the instant case. Thus, the only question for the Court to consider is whether this matter should be dismissed or stayed pending the outcome of arbitration.

Although Section 3 of the FAA requires a district court to stay judicial proceedings involving issues covered by written arbitration agreements, the Fourth Circuit has held that a stay is not the sole remedy available. *Choice Hotels Intern., Inc.*, 252 F.3d at 709–10. In *Choice Hotels*, the Fourth Circuit recognized that, "[n]otwithstanding the terms of § 3 [of the FAA,] . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Id.* More recently, however, the Fourth Circuit has noted "some tension" between its decision in *Choice Hotels* and its prior decision in *Hooters of America, Inc. v. Phillips*, where it "indicat[ed] that a stay is required when the arbitration agreement 'covers the matter in dispute.'" *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012) (quoting *Hooters of America, Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999)).

"[D]espite the 'disagreement within the Fourth Circuit[,] . . . district courts within the Fourth Circuit have continued to find dismissal appropriate.'" *Stone v. Wells Fargo Bank, N.A.*, 361 F.Supp.3d 539, 558 (D.Md. 2019) (quoting *Taylor v. Santander Consumer USA, Inc.*, DKC 15-0442, 2015 WL 5178018, at *7 n.3 (D.Md. Sept. 3, 2015)). Indeed, in two recent opinions, this Court has followed *Choice Hotels* and dismissed cases where all claims were arbitrable. *Taccino*, 2019 WL 1429263, at *4–5; *Stone*, 361 F.Supp.3d at 557–58. To support their request for a stay,

Plaintiffs cite another recent opinion, *Guanyu Li v. StockX.com*, in which this Court opted to stay proceedings in light of the tension in the Fourth Circuit. 349 F.Supp.3d 517, 526 (D.Md. 2018). However, as Defendants correctly note, the decision in *Guanyu Li* acknowledges that "either disposition might be justified." *Id.*

In the instant case, because all of Plaintiffs' claims are subject to arbitration pursuant to the Agreement, this Court finds that "no useful purpose will be served by staying the pertinent proceedings pending arbitration" and that dismissal is the appropriate remedy. *Taylor*, 2015 WL 5178018, at *7 (citation omitted).

## CONCLUSION

In conclusion, for the reasons stated herein, Defendants' Motion to Compel Arbitration and to Dismiss the Litigation (ECF No. 18) is GRANTED. A separate Order will follow.

Date: 21 June 2019

A. David Copperthite
United States Magistrate Judge